### 13948. MILES *v.* BOWEN.

BLOODWORTH, J. This was a suit on a note. The trial judge, on motion, properly struck the defendant's answer, on the ground that it set out no legal defense, and properly disallowed an amendment thereto.

> *Judgment affirmed. Boyles, C. J., and Luke, J., concur.*

DECIDED JANUARY 10, 1923.

Complaint; from Clayton superior court — Judge Hutcheson. August 21, 1922.

Sarah Miles was sued on a promissory note for $2,100 and interest, signed with her name and payable to A. V. Bowen, the plaintiff. In the defendant's answer it is stated that for want of sufficient information she neither admits nor denies the allegations that the note was made by her and was secured by a deed from her conveying certain land to the plaintiff; and "for further answer she says that she is a woman without business experience, unable to read and write, and if plaintiff is the holder of such a note and deed the same was fraudulently obtained from her, in that it was not explained as to the contents, amounts, and consideration or benefits flowing to her, if any there were;" that she is not indebted to plaintiff in any sum whatever; and further, that "she was tenant of plaintiff for the year 1920 and plaintiff agreed to furnish her the necessary money to run or finance her crop for said year; that she got $92 in cash and $61.80 in provisions, making a total of $153.86, and, if she owes plaintiff in any amount whatever, it would not be in excess of the sum of $153.86; however, she denies owing plaintiff in any sum, for reasons hereinafter set out. Defendant says that when she moved on plaintiff's plantation it was agreed that he furnish her in such amounts in cash or money that would insure her making the crop for 1920, and plaintiff not only failed to do so, but refused to furnish the necessary cash to make said crop, and she was forced to neglect her crop, and was compelled to hire out her children to public work in order to furnish the needs in making said crop and gathering the same, and that plaintiff refused to furnish the funds to obtain the necessaries as he had agreed to do to make said crop; therefore plaintiff breached the said agreement and she is in no way indebted to said plaintiff in any sum whatever."

The court, on motion of the plaintiff, on the ground that no valid defense was set out, struck the answer, and disallowed an amended answer, offered by the defendant, as follows: "1. Defendant now denies she ever executed to plaintiff a certain promissory note as set out in . . said petition. 2. Defendant denies paragraph 5 of said petition [which alleges the execution of a deed by her to secure the payment of the note]; all other paragraphs are denied except where . . expressly admitted. 3.

Defendant further answers and says if said plaintiff holds any obligation against her or any note against her, the same was procured by fraud and misrepresentation, in that she is a woman without education, can not read and write; . . the contents of such obligation were never read to her; that she was ignorant of its character and contents, and that the same was not explained to her. 4. Defendant further answers and says she is a woman of weak mind, no business experience, is illiterate, unable to read or write, and was so at the time of the alleged making or procurement of said contract, and that she was incapacitated to contract, and that A. V. Bowen was a man of extraordinary business experience, and that she relied on his good faith to deal with her just and right without any advantage against her. 5. Defendant further shows if any such note appears, that no consideration was ever given or paid over to the defendant for the procurement of same, and that she has never received any value therefor. 6. Defendant further shows and denies any indebtedness whatever to said plaintiff, and denies the execution, and alleges that the consideration has failed."

*W. B. Hollingsworth,* for plaintiff in error. *H. A. Allen,* contra.